# Sayre v. Sheffield Land, Iron & Coal Co.

*Action to Recover Damages for Breach of Warranty.*

1. *When covenant of deed to land broken.*—Covenants of seizin, of good right to convey and against incumbrances are covenants *in presenti*, and broken, if at all, as soon as made, if there is an outstanding and better title or incumbrance diminishing the value of enjoyment of the land; and for such breach the covenantee is entitled to at least nominal damages.

2. *Same; subseqent deed inures to benefit of purchaser; damages.* When a vendor executes a deed with covenants of warranty, without having any title to the lands conveyed, but subsequently, before any action is brought for breach of warranty, acquires a good and valid title, such title inures to the benefit of the covenantee; and in a subsequent action by the coveantee for breach of the covenants of war-

ranty of such deed, the plaintiff is not entitled to recover more than nominal damages.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, Herbert A. Sayre, against the appellee, the Sheffield Land, Iron & Coal Company, to recover damages for the alleged breach of covenants of warranty and seizin contained in a deed from the defendant conveying certain land to the plaintiff; and was instituted January 16th, 1894. Issue was joined on the 4th and 5th pleas of the defendant, which were as follows: "Comes the defendant, by its attorneys, and for answer to the complaint in this case says: 4th. That it made a warranty deed to the land in question to the plaintiff on which he entered into possession, has never been disturbed, and from which he has never been evicted, and to which no paramount claim has ever been advanced; and that before the bringing of this action, plaintiff had a full, complete and perfect title in fee simple to the lot conveyed. 5. Defendant avers that, at the time said land was conveyed to plaintiff, and continuously from that time to the present, said lot of land was unoccupied; that plaintiff entered into and claimed possession thereof, acting as owner, paying taxes thereon, and claiming said land, and that such possession and ownership has never been questioned by any person claiming a paramount title in any, manner whatsoever; and that before the bringing of this action, plaintiff had a perfect title in fee simple to the land described in the complaint."

On the trial of the cause, as is shown by the bill of exceptions, it was shown that on October 16th, 1891, the defendant executed a deed to the plaintiff conveying a certain lot in the city of Sheffield, which deed was duly acknowledged and recorded in the probate office of Colbert county. This deed, after stating in its granting clause that the defendant grantor "hereby grants bargains, sells, enfeoffs and confirms unto the grantee," the plaintiff, the lot involved in this suit, contains the following covenants: "And said grantor covenants with the said grantee, his heirs and assigns, that said grantor is lawfully seized in fee of the aforegranted premises, that they are free from all encumbrances; that said

grantor has a good right to sell and convey the same to the said grantee, his heirs and assigns; and that said grantor will warrant and defend the premises to the said grantee, his heirs and assigns, forever, against the lawful claims and demands of all persons." Prior to the execution of this deed to the plaintiff, towit, on September 19th, 1891, the defendant, for a recited valuable consideration, executed a deed to one Hugh J. West, conveying the same lot it afterwards conveyed to the plaintiff. This deed to West was duly acknoweledged and recorded in the probate office on October 1st, 1891, and contained the same covenants as the deed to plaintiff. On September 15, 1893, the said Hugh J. West, for a recited valuable consideration, executed a deed, properly acknowledged, to the defendant, by which he reconveyed the same lot of land to the defendant; this deed containing the same covenants as did the other deed, and being recorded in the office of the judge of probate of Colbert county on October 12th, 1893.

One Ashe, a witness for the defendant, testified that, at the time of the purchase of said lot by the plaintiff, he was a real estate agent in the city of Sheffield, and was employed by the plaintiff, as such, and purchased for plaintiff the lot described in the complaint, and obtained the deed thereto to the plaintiff from defendant, in consideration of two and a half shares of Sheffield stock, taken at their par value, their market value being only 50 cents on the dollar; that after the purchase, he had said lot, along with several others belonging to plaintiff, in his charge for sale, and that as such agent for plaintiff, he paid the taxes on said lot for the years 1892 and 1893; that in the Spring of 1893, on being informed that said lot had been sold to Hugh J. West prior to its sale to plaintiff, he inquired of said West if this was true, and was told by him that it was, and that he, West, had a conveyance to said lot, and claimed it. This witness further testified that, at the time of plaintiff's purchase, the lot was vacant, uninclosed and not in the actual occupancy of any one; that neither West, plaintiff nor witness had ever had any actual visible possession of said lot. It was further shown by the evidence introduced, that in March, 1893, the defendant, having ascertained the mistake made by it in conveying said lot to West and then to plaintiff, wrote to plaintiff,

[Sayre v. Sheffield Land, Iron & Coal Co.]

informing him of the mistake, and offering to convey to him, in lieu of the one sold, another lot, which, it was claimed, was of equal, if not greater, value. The plaintiff testified that the receipt of this letter was the first information he had that his title to said lot was defective; that he had never consented with defendant to surrender his right of action for the breach of the covenants in its deed to him; and that after hearing that he had no title to the said lot, he tried to avoid paying taxes on it for the year 1893, but could not do it.

The cause was tried by the court, without the intervention of a jury; and upon hearing all the evidence, the court rendered judgment for the plaintiff, assessing his damages at $148. Upon the rendition of this judgment, the defendant moved to set it aside on the ground, that it was contrary to the law and the evidence in the case. Upon the hearing of this motion, all the evidence offered on the trial, and no other, was offered; and upon such evidence the court granted the motion, and set aside the judgment it had previously rendered in said cause. The plaintiff duly excepted to the granting of this motion. The judgment granting said motion and setting aside said judgment is now appealed from, and the same is here assigned as error by the plaintiff.

T. SCOTT SAYRE, for appellant.—1. The covenant of seizin was broken as soon as the deed to appellant was made.—*Moore v. Johnston*, 87 Ala. 220; *Anderson v. Knox*, 20 Ala. 156; *McKleroy v. Tulane*, 34 Ala. 83; *McCarty v. Leggett*, 3 Hill (N. Y.) 134; 2 Devlin on Deeds, §§ 889, 899. So also unqualified covenants against incumbrances are broken as soon as made by existence of incumbrance at time of execution of deed.—*Andrews v. McCoy*, 8 Ala. 920, and authorities *supra*. So also the covenant of a good right to sell and convey is broken as soon as made, if at the time the grantor has no title. The covenant for quiet possession was also broken. Actual ouster is not necessary to constitute a breach of this covenant.—*Caldwell v. Kirkpatrick*, 6 Ala. 60; *Duvally v. Craig*, 2 Wheaton 45; *Flinn v. Barber*, 64 Ala. 193; *Cullum v. Bank*, 4 Ala. 28; 1 Sug. on Vendors, (marg.), 339; 2 Devlin on Deeds, §§ 889, 899,928.

2. Even without any covenants the plaintiff could have brought an action for money had and received,

under the circumstances of this case.—*Flinn v. Barber*, 64 Ala. 193 ; *Cullum v. Bank*, 4 Ala. 28 ; Devlin on Deeds, § 889; 1 Sugden on Vendors, marg. p. 329.

3. Defendant could not defeat the recovery of plaintiff by subsequently acquiring the title. His right of action had become complete, and his legal status fixed, and could not be changed without his consent.—2 Devlin on Deeds, § 903 and note ; *Tucker v. Clarke*, 2 Sandf. Ch. 96 ; *McCarty v. Leggett*, 3 Hill (N. Y.) 134 ; Rawle on Covenants, (1 ed.), 89.

4. The doctrine of estoppel only applies between parties and their privies, and does not affect third parties. The doctrine of estoppel in a case like this is for the benefit of the grantee, at his option ; it can not be invoked by the grantor.—*Aldridge v. Kincaid*, 2 Lit. 390 ; *Bean v. Welsh*, 17 Ala. 772.

5. The damages for breach of the covenants of warranty in a deed is the purchase money and interest thereon, where there is an entire failure of the estate granted. *Kingsbury v. Milner*, 69 Ala. 502.

JOSEPH H. NATHAN, *contra*.—1. If a vendor sells land by warranty to one person, to which at the time he had an imperfect title, or none at all, and afterwards acquires a title, such after acquired title inures, by force of the warranty, to his vendee.—*Chapman v. Abraham*, 61 Ala. 114 ; *Booker v. Waller*, 81 Ala. 550 ; *Parker v. Marks*, 82 Ala. 548 ; *Stoddard v. Chambers*, 2 How. 316 ; 6 Amer. & Eng. Encyc. of Law, 245 note.

2. Where the vendor's title has been made good before suit, the vendee can not recover upon any of the covenants of warranty, general or special, contained in the deed—*Baxter v. Bradbury*, 20 Me. 262 ; *Reese v. Smith*, 12 Mo. 344 ; *King v. Gilson*, 32 Ill. 356 ; *Wilson v. Forbes*, 2 Dev. 30 ; *Cowan v. Silliman*, 4 Dev. 46 ; Wood's Mayne on Damages, 54, note 249-50 notes ; 4 Amer. & Encyc. of Law, 495.

HARALSON, J.—In *Copeland v. McAdory*, 100 Ala. 553, which was an action for the breach of the covenants in a deed against incumbrances, that the grantors had a good right to convey, and the general covenant to warrant and defend, it was held that the covenant of good right to convey is the equivalent of seizin, and that the

[Sayre v. Sheffield Land, Iron & Coal Co.]

covenant of freedom from incumbrances, like the covenant of good and lawful right to convey, is a covenant *in presenti*, broken, if at all, as soon as made, if there is any outstanding older and better title, or an incumbrance diminishing the value or enjoyment of the land. It has also been held that the effect of the general covenant of warranty in a deed is for quiet enjoyment, to constitute a breach of which, it is not necessary there should be an actual expulsion, for the covenant secures a legal entry as well as the enjoyment of the lands. The covenantee is not required to commit a trespass to acquire possession.—*Caldwell v. Kilpatrick*, 6 Ala. 60 ; *Anderson v. Knox*, 20 Ala. 156 ; *Thomas v. St. Paul's Church*, 86 Ala. 144. Under the proofs in this case, then, it is undeniable, that the plaintiff's covenants of seizin, of good right to convey, and against incumbrances, in the plaintiff's deed, were broken the moment of the delivery of the same by defendant to him, and that he is entitled to at least nominal damages.

But, the main question in this case, is, whether the title which the defendant acquired from West, its first grantee—acquired before this suit was brought,—inured to the benefit of the plaintiff, its second grantee, of the lot sold, and the effect of such after acquired title on the right of plaintiff to damages in this action.

In *Chapman v. Abraham*, 61 Ala. 114, it was said : "It is settled in this State that if one, having at the time no title, convey lands by warranty,—even the warranty which the law implies from the employment of the words grant, bargain, sell and convey,—and afterwards acquires title, such title will inure and pass *eo instanti* to his vendee. This, by a species of estoppel.—*Blakeslee v. M. L. Ins. Co.*, 57 Ala. 205; *Carter v. Doe*, 21 Ala. 72, 91 ; *Stewart v. Anderson*, 10 Ala. 504 ; *McGee v. Eastis*, 5 Stew. & Por. 426; *Kennedy v. McCartney*, 4 Port. 141. " It may be inquired, what is the effect of such a title inuring by way of estoppel to the grantee? Devlin in his work on deeds, lays down the proposition, supported by a vast array of authorities, that "Where covenants for title are contained in a deed, the after acquired title will pass with the same effect as if it had originally been conveyed to the grantee and his successors."—2 Dev. on Deeds, § 946. Chancellor Kent, in his commentaries, in speaking of this estoppel, goes further than some authorities, and

says : "The estoppel works an interest in the land. An
ejectment is maintainable on a mere estoppel. If the con-
veyance be with general warranty, not only the subse-
quent title acquired by the grantor will inure by estop-
pel to the benefit of the grantee, but a subsequent pur-
chaser from the grantee, under his after acquired title,
is equally estopped, and the estoppel runs with the land.".
4 Kent. 98. To the same apparent effect, at least, see
*Bean v. Welsh*, 17 Ala. 772. Washburn, after stating
that the measure of damages for the breach of the coven-
ant of seizin, with few exceptions, is the purchase
money and the interest, says : "An exception to this
rule prevailed where one, not seized conveyed with
covenants of seizin and warranty, and then
acquired a title to the estate; for then as
this inured by force of the covenants of warranty to the
benefit of the grantee, it was held that he could no longer
maintain an action to recover back the purchase money."
Citing *Baxter v. Bradbury*, 20 Me. 260, and *King v. Gilson*,
32 Ill. 356. In the first named of these cases, it is held
that the after acquired title inures immediately to the
grantee by way of estoppel, and he can not elect to re-
ject the title, and recover the consideration money paid
in an action for breach of the covenant of seizin. The
court say, quoting from *Somes v. Skinner*, 3 Pick. 52 :
"That the general principle to be deduced from all the
authorities is, that an instrument, which legally creates
an estoppel to a party undertaking to convey real estate,
he having nothing in the estate at the time of the con-
veyance, but acquiring a title afterwards by descent or
purchase, does in fact pass an interest and a title from
the moment such estate comes to the grantor ;" and add :
"The plaintiff by taking a general covenant of warranty,
not only assented to, but secured and made available to
himself, all the legal consequences, resulting from the
covenant. Having therefore under his deed, before the
commencement of the action, acquired the seizin, which
it was the object of both covenants (the after acquired
deeds) to secure, he could be entitled only to nominal
damages." In the case last cited by Washburn, the Su-
preme Court of Illinois reviewed many cases on the sub-
ject, including the case from Maine, just referred to, to
which it gives full sanction, and conclude, that the ex-
ception to the general rule as to damages in such cases,

is based upon the fact, that when the covenant is taken, the covenantee pays the money with the design of acquiring title to the land, and not to make a loan, and when he has obtained what he purchased, he has sustained no injury. Technically there has been a breach of the covenant, for which the law gives a right of recovery, but having the title for which he contracted, he can only recover nominal damages ; citing *Cotton v. Ward*, 3 E. B. Monroe, 304 ; *Reese v. Smith*, 12 Mo. 344 ; *Cornell v. Jackson*, 3 Cush. 506 ; *Morrison v. Underwood*, 20 N. H. 369 ; 3 Sedg. on Damages, § 976.

Our conclusion is, that the plaintiff, on the evidence, was not entitled to more than nominal damages, and that the court did not err in setting aside said judgment and giving a new trial.

Affirmed.