# Ackley & Co., *et al. v.* Hunter, Benn & Co. Company.

## *Bill for Accounting on Timber Contract.*

(Decided Feb. 13th, 1908.   45 So. Rep. 909.)

1. *Covenants; Quiet Enjoyment.*—A conveyance of timber which contains the express stipulation that the grantor is seized in fee of all said premises, and that the grantor will hold the grantee harmless against all claims growing out of the cutting or removal of timber therein conveyed, contains a covenant of seizin, and for quiet enjoyment as well.

2. *Same; Action for Breach; Pleading.*—Where the conveyance contained a covenant of seizin and for qiuet enjoyment, a plea to a bill seeking an accounting by the grantors against the grantees, which alleges that certain numbers of acres of the lands were in the adverse possession of third parties who claimed to own them, and seeking to abate the purchase price as to them, was sufficient against demurrer.

3. *Same; Damages; Measure.*—Where the conveyance of the timber showed *that the sale was by the acre*, and not in gross, the measure of damages in case of a breach of the covenant of quiet enjoyment contained therein, as to a part of the tract, was the price per acre of the purchase as stated in the conveyance, and it is immaterial that the number of trees or stumpage was not of the same extent and value over the entire tract.

4. *Vendor and Purchaser; Construction of Contract Between; By Acre or in gross.*—Where a conveyance of all the timber of a certain size upon certain lands contained the stipulation that there were a given number of acres of the land, which at Nine Dollars per acre amounted to a sum certain, and that when that sum had been paid the stumpage for all the timber sold would be fully paid, such stipulation shows a sale by the acre, and not in gross.

5. *Same.*—The fact that the conveyance and contract fixed the damages specifically in the event that certain portions of the land should turn out to belong to the grantees at the time of its making, did not operate to make the sale one in gross.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOS. L. SMITH.

Action by Hunter, Benn & Co. against J. M. Ackley & Co., and others. From a judgment sustaining a demurrer to defendants' cross-bill, they appeal. Reversed and rendered.

Hunter, Benn & Co. Company filed their bill against J. M. Ackley & Co., a partnership, for an accounting under a timber contract. J. M. Ackley & Co. filed an answer and cross-bill, seeking to abate the purchase price for failure to be put in possession of certain timber purchased. Demurrers were sustained to the cross-bill, and from this decree this appeal is prosecuted. The original bill seeks an accounting against Ackley & Co. for timbers alleged to have been sold to Ackley & Co. under the contract and for damages growing out of a breach of the contract for the alleged failure of Ackley & Co. to deliver to Hunter, Benn & Co. Company certain lumber and timber which it is alleged they agreed to sell under the contract to Hunter, Benn & Co. Company after the same had been cut and manufactured. The substance of the contract, so far as material to an understanding of the opinion, sufficiently appears therein. By the answer and cross-bill Ackley & Co. set up that title failed to 380 acres of the timber land, either on account of the failure of Hunter, Benn & Co. Company's title or the adverse possession of certain parties to certain portions of the land at the time the contract was entered into by which Ackley & Co. obtained title to the timber, and sought an abatement of the purchase price of $9 per acre as to the 380 acres of land. The contract contained a forfeiture, and a provision that the title to the timber should revert to Hunter, Benn & Co. Company in the event Ackley & Co. failed to remove the timber from all of said land by April 1, 1903; that is to say, that so much of the

27 R

timber as was not removed by that time should revert to the Hunter, Benn & Co. Company. The other facts sufficiently appear in the opinion of the court.

STEVENS & LYON, for appellant. Under the contract of sale the possession adverse to the covenantor at the time this covenant was made results eo instanti in its breach.—*Lindsey v. Veascy,* 62 Ala. 424; Washburn on Real Property, Sec. 2382; 2 Greenl. on Evi. Sec. 241; *Fittshugh v. Croghan,* 19 Am. Dec. 141. Such being true, each of the alternative averments in the cross bill shows the right on the part of appellant to an abatement of the purchase money and the pleading is unobjectionable.—*Lehman v. Meyer,* 67 Ala. 403; *Gordon v. Ross,* 63 Ala. 363; *Micou v. Ashurst,* 55 Ala. 607. The vendee may protect himself against loss by reason of any material misrepresentation by the vendor for the breach of any warranty made by the vendor of the failure of title to any part of the property or premises not held by the vendee by cross actions in the nature of set off and recoupment or a cross bill for a proper abatement of the purchase price.—*Thweatt v. McLeod,* 56 Ala. 377; *Kingsbury v. Milner,* 69 Ala. 502§ *Joseph v. Swann,* 91 Ala. 599; *Gunter v. Beard,* 93 Ala. 227; *Dykes v. Bottom,* 101 Ala. 394; S. C. 102 Ala. 582; *Noopie v. Cason,* 124 Ala. 458. In equity appropriate relief can be granted under the general prayer although the relief specifically prayed for cannot be granted.—*Mumford v. Pierce,* 70 Ala. 458; *Fite v. Hennamer,* 90 Ala. 473. The rule for the measurement of damages is the purchase price with interest.—*Prestwood v. McGowan,* 128 Ala. 267; *City of Bessemer v. T. C. I. R. R. Co.,* 131 Ala. 138.

N. R. CLARKE, and GREGORY L. & H. T. SMITH, for appellee. The appellee has not objected to the cancella-

[Ackley & Co., et al. v. Hunter, Benn & Co. Company.]

tion of the entire contract, but respectfully insists that if the appellants desired to rescind the contract, it was necessary that they should rescind the entire contract and surrender such benefits as they had received thereunder, and that they could not rescind that part of the contract which was beneficial to the Appellee while retaining in force that portion of the contract which was beneficial to themselves.—*Henderson v. Boyett*, 126 Ala. 172; *Jones v. Anderson*, 82 Ala. 302; *Young v. Arntze*, 86 Ala. 116; *Sample v. Guyer*, 120 Ala. 611. The breach of a contract by either party does not, of course, terminate the contract, but only confers upon the other party the right to declare a forfeiture thereof. Any other rule of law would enable either party to rid himself of the contract by his own wrongful breach thereof. Whether the other party elects to declare the contract ended, or to waive the forfeiture thereof and to continue the contract in force, he may recover whatever damages he may have sustained by reason of its breach, but if he sees fit to waive the forfeiture and to accept the partial performance of the contract, he must himself continue to observe its stipulations upon his part, and will be liable to the other party for any subsequent breach thereof by him. This we think is fully established by the authorities.—*Sample v. Guyer*, 120 Ala. 611; *Thomas & Trott v. Ellis & Co.*, 4 Ala. 108; *Merriweather v. Taylor*, 15 Ala. 735; *Hawkins v. Gilbert & Maddox*, 19 Ala. 54; *Hunter v. Waldron*, 7 Ala. 753; *Aiken v. Bloodgood*, 12 Ala. 221; *Strouse v. Meertief*, 64 Ala. 299; *McTighe & Co. v. McLean*, 93 Ala. 626; *M. & O. R. R. Co. v. Nicholas*, 98 Ala. 118; *Ovendoff v. Talman*, 90 Ala. 441; *Foster v. Gressett*, 29 Ala. 393; *Dane v. Long*, 90 Ala. 172.

TYSON, C. J.—According to our understanding of the record only one question is presented for review.

That question is whether the chancellor was correct in sustaining the demurrer to the cross-bill. The only matter of relief asserted and sought by it is the right of the cross-complainants to abate the purchase price of the pine timber sold them by the complainant in the original bill, and, of course, the proper measure of damages that shall obtain with respect thereto. A copy of the conveyance of the timber is made an exhibit to the original bill. By reference to it, it will be seen that the grantor, complainant, represented itself to be the owner of certain described lands, and conveyed to the grantees, cross-complainants, "all of the pine trees standing upon said lands which were of certain size," for which the grantees obligated themselves "to pay for such stumpage upon the lands the sum of nine dollars per acre." There is also this further statement in the conveyance: "There are 4,386.69 acres of said lands, which at $9 per acre amount to $39,479.76, and when that amount shall have been paid * * * the stumpage for all timber hereby sold shall be deemed to be fully paid for, and all further payments on that account shall cease." The conveyance also contains express covenants that the grantor "is seised in fee of all of said premises and that it [the grantor] will hold" the grantees "harmless against all claim of all kinds growing out of the cutting or removal of the timber hereby conveyed."

It is manifest from the quoted recitals of the conveyance that the grantor covenanted its seisin at the date of the conveyance and also for quiet enjoyment by the grantees (*Van Slyck v. Kimball*, 8 Johns. [N. Y.] 189), and that the sale was by the acre, and not in gross— which latter proposition we will deal with more extendedly later on. The cross-bill shows that at the date of the conveyance 380 acres of the land were in the adverse possession of third persons claiming to own same, and

[Ackley & Co., et'al. v. Hunter, Benn & Co. Company.]

seeks an abatement of the purchase price to the extent of $9 per acre, the value of the stumpage fixed by the agreement of the parties, as shown by the conveyance. These averments, which must be taken as true as against the demurrer, clearly show a breach of the covenants of seisin and of quiet enjoyment, and would entitle the cross-complainants to a recovery of at least nominal damages.—*Lindsey v. Veasy,* 62 Ala. 424; *Prestwood v. McGowin,* 148 Ala. 475, 41 South. 779; *Sayre v. Sheffield, etc., Co.,* 106 Ala. 440, 18 South. 101. This being true, the demurrer was not well taken.

As said, the sale was by the acre, and not in gross; and the correct measure of damages in such case is the purchase price per acre as stated in the conveyance. And this is true, whether the stumpage is or is not of the same quality or value per acre.—*Conklin v. Hancock,* 67 Ohio St. 455, 66 N. E. 518; *Welch v. Browning,* 115 Iowa, 690, 87 N. W. 431; *Haynie v. American Trust Investment Co.,* (Tenn. Ch. App.) 39 S. W. 865; 11 Cyc. p. 1173; 29 Ency. Law (2d Ed.) p. 641.

The other provision of the contract, found in the clause expressing the consideration for the sale of the timber, relates only to the mode of payment of the purchase price, and does not in any wise make the sale in gross, instead of by the acre. Nor does section 7 of the contract, which specifically fixes the damages in the event that certain portions of the land should turn out to belong to the grantees at the time of its making, militate against the conclusion reached. The parties having agreed upon a fixed and uniform price, towit, $9 per acre, they are bound thereby.

The decree sustaining the demurrer to the cross-bill is reversed, and one will be here rendered overruling it.

Reversed and rendered.

DOWDELL, ANDERSON and MCCLELLAN, JJ., concur.