(78 South. 911)

PARTRIDGE v. BATES et al. (6 Div. 757.)

(Supreme Court of Alabama. April 4, 1918.)

1. COVENANTS ⟨key⟩116 — SEISIN — PLEADING AND PROOF.

A covenant of good right to convey being breached when made if the covenantor has no title, in an action for the breach of such covenant because the covenantor did not have title to the mineral in the land conveyed, evidence of eviction, ouster, or surrender was unnecessary.

2. COVENANTS ⟨key⟩134—ACTION FOR BREACH—EVIDENCE.

In an action for breach of warranty of good right to convey plaintiff's evidence that defendant did not have title to the minerals, but only to the surface, being sufficient to import a severance of the mineral from the surface and the absence of title in defendant, supported the material averments of the complaint, and rendered erroneous an affirmative charge for defendant.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by T. O. Partridge against Richard Bates and others on breach of warranty. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Leith & Powell, of Jasper, for appellant. J. H. Bankhead, Jr., and M. E. Nettles, both of Jasper, for appellees.

McCLELLAN, J. Action for breach of warranty.

In the deed from Richard and, his wife, C. E. Bates, defendant-appellees, to Partridge, plaintiff-appellant, these covenants occur:

"And the said Richard Bates and C. E. Bates doth hereby covenant with the said T. O. Partridge that at the time of the ensealing these presents they were seised and possessed of a good and indefeasible title to the aforegoing premises, and doth warrant and will forever defend the same against the claims of all and every person or persons whomsoever."

The complaint contains a single count; and, so far as at present important, alleges, after averring the conveyance of the unqualified fee, that the above-quoted "coventry and warranty" had been broken in this:

"That the said defendant did not own the coal, iron ore, and other mineral in, under and upon said lands, at the time of said conveyance."

We understand the complaint to declare alone upon the breach of the covenant of good right to convey, which is the equivalent of an averment of breach of a covenant of seisin by the grantor. Copeland v. McAdory, 100 Ala. 553, 13 South. 545; Sayre v. Sheffield Land Co., 106 Ala. 440, 18 South. 101. Of such a count it was said in Copeland v. McAdory, supra:

"In declaring for a breach of the covenant [i. e., of good right to convey, the equivalent of a covenant of seisin], all that is necessary is to negative the words of the covenant generally. No description of, or reference to, the outstanding or permanent title is necessary; nor is it necessary to aver an eviction or ouster. The covenant is broken, if at all, as soon as it is made, and not by the occurrence of any future event. The grantor is presumed to know the estate of which he is seised; the fact is peculiarly within his knowledge, and must plead and prove it. * * * There is a marked distinction in pleading a breach of the covenant of seisin or of good right to convey, and of other covenants."

[1] If the covenantor had not the title he undertook to convey, viz. the unsevered fee, the covenant was breached when made. Anderson v. Knox, 20 Ala. 156. A different rule with respect to allegation and proof of eviction and ouster prevails when breaches of other covenants are declared on. It not being necessary for the plaintiff to allege eviction or ouster or surrender to title paramount where the declaration is for the breach of the covenant of seisin, there, of course, is no obligation on the plaintiff to prove eviction, ouster, or surrender to or the purchase of title paramount.

It is suggested for appellee that the doctrine of Oliver v. Bush, 125 Ala. 534, 537, 27

South. 923, wherein it was declared that none of the three counts declared "solely upon a breach of the covenant of seisin," but, to the contrary, conjoined breaches otherwise, whereupon breaches of both types should have been supported as the condition to a recovery, should be applied to this appeal, thereby, because of the absence of any evidence of eviction, ouster, or surrender in consequence of the grantor's having no title to the mineral interest in the land, justifying the trial court in giving the general affirmative charge for the defendants. The pleading here under consideration presents no such conjoint allegation of breaches. In this case the complaint declares for the breach of the covenant of good right to convey, the equivalent of a covenant of seisin.

[2] Without objection, the plaintiff testified that he discovered after Bates sold him the land that Bates "did not own the mineral in the land, only owned the surface." Whether the absence of title in Bates to the mineral, or the limited (to the surface) ownership of the land by Bates, was provable by parol is a question not presented for consideration; there being no objection interposed. It may be noted, however, that in Florence Land Co. v. Warren, 91 Ala. 533, 538, 9 South. 384, it was held that, while the title to land cannot be proved by parol, a witness may testify to the negative fact that he never had any right or title to a particular tract of land. See 12 Ency. of Evi. pp. 604, 605, and notes; Nelson v. Iverson, 24 Ala. 9, 18, 60 Am. Dec. 442, relating to personal property. This evidence, given by the plaintiff, whether properly admissible or not, imported a severance of the mineral from the surface and the absence of title thereto in Bates; and, in consequence, was evidence in support of the material averments of the plaintiff's complaint, and rendered erroneous the giving of the general affirmative charge for the defendants.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.