(96 South. 436)

### ALGER–SULLIVAN LUMBER CO. v. UNION TRUST CO. et al. (3 Div. 588.)

(Supreme Court of Alabama. May 10, 1923.)

1. **Covenants ⌖114(1) — Bill by purchaser seeking recovery for grantor's breach of covenant held to contain equity.**

A bill by a purchaser against the grantor seeking to recoup for a total failure of title in some portions of the tract conveyed and defects in title to other portions as against the balance of a mortgage debt due the grantors by complainant for purchase money on the land, and averring the amount due complainant under the breach and the amount due grantors under the mortgage and seeking an accounting, cancellation of the mortgage, and injunction to prevent its foreclosure, *held* to contain equity.

2. **Covenants ⌖114(1) — Failure of bill by grantee seeking to recoup for failure of title to offer to reconvey held cured by offer to do equity.**

In a bill by a purchaser of land seeking to recoup for defects in title to part of the land and total failure to part, failure to offer to reconvey land to the grantors as to which title wholly failed was cured by complainant's offer to do equity in all respects as might be required by the terms of the decree.

3. **Covenants ⌖134—Reasonable time to grantor to cure defects held question of law where facts undisputed.**

Where the facts were undisputed, question of what constituted a reasonable time for a grantor to perform his covenant to cure defects in title was a question of law.

4. **Covenants ⌖86 — Grantee's demand to grantor to cure title held to give grantor reasonable time.**

Under contracts and conveyances for more than 45,000 acres of land, *held*, that from May 19, 1913, to September 27, 1920, was more than reasonable time for the grantors to perfect title according to their agreement to do so on demand by obtaining quitclaim conveyances or by appropriate judicial proceedings.

5. **Covenants ⌖93—To convey perfect title breached when made.**

Grantors' covenant that they owned and conveyed "a perfect unincumbered title in fee simple to all the lands" was breached when made if the title was not a perfect unincumbered fee-simple one, as the breach was not dependent on any future event.

6. **Covenants ⌖114(5)—Bill alleging breach by failure of title need not aver eviction or ouster by adverse claim.**

Where grantors contracted to convey perfect unincumbered title in fee simple, a bill by grantee averring total failure of title to parts of the lands and partial failure to parts of it when the conveyance was made, and showing a demand on grantors to perfect it according to the agreement, and seeking to recover the purchase money on grantor failing to perfect title as agreed, need not aver an eviction or ouster or assertion of any adverse claim.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Bill by the Alger-Sullivan Lumber Company against the Union Trust Company and others for injunction, accounting, etc. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

Harry T. Smith & Caffey, of Mobile, and Rushton & Crenshaw, of Montgomery, for appellant.

The necessity for an accounting, or the nonresidence of the defendant, or the right to have the deed of trust canceled upon payment of balance found due, would be suffi-

cient to support the bill. King v. Livingston, 192 Ala. 269, 68 South. 897; Campbell's Automatic Safety Gas Burner Co. v. Hammer, 78 Or. 612, 153 Pac. 475; Alger-Sullivan Lbr. Co. v. Union Trust Co., 207 Ala. 138, 92 South. 254; Nelson v. Owen, 113 Ala. 377, 21 South. 75; Mackintosh v. Stewart, 181 Ala. 337, 61 South. 956; Kelly v. Martin, 107 Ala. 480, 18 South. 132; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172; Sewell v. Buyck, 162 Ala. 496, 50 South. 127; Hafer v. Cole, 176 Ala. 242, 57 South. 757; Tipton v. Wortham, 93 Ala. 321, 9 South. 596; Hartley v. Matthews, 96 Ala. 224, 11 South. 452. The reasonable time allowed the seller within which to perfect titles could not extend beyond the maturity of that portion of the bonds representing the purchase price for the defective titles. 13 C. J. 605; Cumberland Valley R. Co. v. Gettysburg & H. R. Co., 177 Pa. 519, 35 Atl. 952; Burpee v. Guggenheim (D. C.) 226 Fed. 214; Runnells v. Pruett (Tex. Civ. App.) 204 S. W. 1017; Laswell v. Nat. Handle Co., 147 Mo. App. 497, 126 S. W. 969; So. Colonization Co. v. Derfler, 73 Fla. 924, 75 South. 790, L. R. A. 1917F, 744. An offer to reconvey is never essential to the equity of a bill to rescind, since the court has full power to condition its decree upon such a reconveyance. Twin Lakes Co. v. Dohner, 242 Fed. 399, 155 C. C. A. 175; Royal v. Goss, 154 Ala. 117, 45 South. 231. An alteration of the theory of law applied to a bill does not change the substance, where the purpose to recover the purchase price remains the same. King v. Livingston, 192 Ala. 269, 68 South. 897; Oliver v. Kneedler, 141 Iowa, 158, 119 N. W. 525. The covenant for a perfect title, or to make title perfect, is broken without ouster, or the assertion of any adverse claim, whenever it is not such as it was contracted to be. Sayre v. Sheffield, etc., Co., 106 Ala. 446, 18 South. 101; Copeland v. McAdory, 100 Ala. 559, 13 South. 545; Partridge v. Bates, 201 Ala. 557, 78 South. 911; Moore v. Johnston, 87 Ala. 225, 6 South. 50.

Hamilton & Page, of Evergreen, and D. M. Powell, of Greenville, for appellees.

By retaining and using the lands and cutting timber therefrom, appellant waived its right to rescind; the rescission offered is only partial, and the facts averred show the parties cannot be put in statu quo. 1 Black on Rescission, § 1; 2 Black, § 561 et seq.; Barnett v. Grimes, 8 Ala. 373; Magee v. McMillan, 30 Ala. 420; Strong v. Waddell, 56 Ala. 471; Parker v. Parker, 93 Ala. 80. 9 South. 426; Coleman v. Bank. 115 Ala. 307, 22 South. 84; Vice v. Littlejohn, 116 Ala. 276, 22 South. 488; Romanoff Min. Co. v. Cameron, 137 Ala. 214, 33 South. 864; Yarbrough v. Thornton, 147 Ala. 221, 42 South. 402; Edwards v. Kilgore, 192 Ala. 343, 68 South. 888. The facts averred do not show title to any of the land or timber has wholly failed, or ouster under title paramount. Al-

209 ALA.—28

ger-Sullivan Lbr. Co. v. Union Trust Co., 207 Ala. 138, 92 South. 254; Copeland v. McAdory, supra; Chestnut v. Tyson, 105 Ala. 149, 16 South. 723, 53 Am. St. Rep. 101; Prestwood v. McGowin, 128 Ala. 267, 29 South. 386, 86 Am. St. Rep. 136. General averments as to defects of title would not entitle appellant to maintain its bill. Anderson v. Knox, 20 Ala. 156. Pleadings of set-off in equity should be as definite as in a court of law. 24 R. C. L. 803. The decree appealed from sustains demurrer without ruling on any special ground, and, if any ground is good, the decree will be affirmed. Barrett v. Central B. & L. Asso., 130 Ala. 294. 30 South. 347; Adams v. Wilson, 137 Ala. 632, 34 South. 831; McCreary v. Jones, 96 Ala. 592, 11 South. 600.

MILLER, J. This is a suit by bill in equity brought by Alger-Sullivan Lumber Company, a corporation, against the Union Trust Company, a corporation, and others, and is here for review by this court on second appeal. Alger-Sullivan Lbr. Co. v. Union Trust Co. 207 Ala. 138, 92 South. 254. The former appeal was from a decree sustaining demurrers to the bill of complaint, and the decree of the lower court was reversed, and the cause remanded. Upon the second trial of the cause the bill was amended, demurrers of defendants to it were sustained, and from that decree this appeal is prosecuted.

The facts of the original bill are fully stated in the opinion of the court on former appeal, and it is not necessary for us to repeat them here.

[1] This court on former appeal held there was equity in the bill. All of the defendants are nonresidents, residing in different states. The bill seeks a set-off or recoupment by complainant of compensation due it by contract with defendants for total failure of title and defects in title to land sold it as against the balance of a mortgage debt due defendants by complainant for purchase money on land growing out of this contract. This alone is sufficient to give the bill equity. Mackintosh v. Stewart, 181 Ala. 328, 61 South. 956. The bill also avers the amount due complainant under the breach of the contract, and avers an amount is due defendants under the mortgage growing out of the contract, and seeks an accounting, cancellation of the mortgage, and injunction to prevent its foreclosure. This gives the bill equity. Whitley & Trimble v. Dunham Lbr. Co., 89 Ala. 493, 7 South. 810. As said by this court on former appeal:

"In the case stated—and such the case is, though complainant misconceives the proper measure of damages—complainant may maintain its bill to establish a set-off, to recover compensation for defects in the title delivered to it, at the same time retaining such title as it has received. Manning v. Carter, 192 Ala. 307, 68 South. 909."

There is equity in the bill of complaint as amended.

The defendants, except Union Trust Company, contracted in writing to sell and convey, and they did sell and convey, to complainant 45,700 acres of land for $2,000,000, part cash, balance secured by mortgage to the Union Trust Company, payable in bonds of $1,000 each; 150 of the bonds payable annually on the 1st of August of each year from 1913 to August 1, 1922, both inclusive.

In construing this contract and these conveyances and covenants on former appeal, this court held, in substance and effect, that the grantors covenanted that they had and conveyed a good and perfect unincumbered title in fee simple to all the lands contracted to be sold and conveyed to the complainant; that they agreed, if at any time the complainant would call on them by written notice addressed and delivered or mailed to the president of the First National Bank of Lapeer, Mich., to perfect the title to any part of these lands, then they would proceed to perfect the title, either by obtaining quitclaim conveyances or by appropriate judicial proceedings against all adverse claimants; and they further agreed, if they failed thereafter within a reasonable time to so perfect said title to any part of the said lands, then they would refund to complainant, or complainant could recover of them for each acre of land the title to which shall have wholly failed $43.76 and interest if the timber had not been removed from it, and $5 and interest if the timber had been removed; but for partial failure of title, such as incumbrances or defects less than total failure of title, the complainant could retain the imperfect title and recover damages "for the diminished value of the title conveyed on account of the incumbrance or defect averred." Under the covenant and contract $43.76 was the purchase price value of the land per acre, including the timber, $5 was the purchase price value of the land per acre without the timber, and the difference between $43.76 and $5 would represent the purchase price value per acre of the timber.

The court held the bill in the instant case is in substance an action for the recovery of purchase money under the contract for the lands per acre the title to which wholly failed, and which after notice the grantors had failed within a reasonable time to perfect. The court held the bill in this respect was insufficient, as the complainant failed to offer to reconvey to the grantors these lands which it so held by the conveyance and contract.

[2] The bill was amended to meet this defect in part, and offered to reconvey to the grantors the land described in section 7. The complainant seeks by section 7a to recover the agreed purchase price for the land described therein on account of defects in whole and in part in the title which have not been perfected; but it does not offer to reconvey the land to the grantors in which the title wholly failed. It should have done so after the opinion of this court on former appeal. However, in the amendment the complainant offers to do equity in all respects as it may be required by the terms of the decree of the court, which cures that defect; and the court on final hearing, if complainant is entitled to relief, can protect the grantors by requiring complainant to reconvey that land to them before making them pay it the agreed purchase price value per acre. Royal v. Goss, 154 Ala. 117, 45 South. 231.

The bill shows that the grantors in the conveyance agreed in writing to convey and sell it a good and perfect unincumbered title in fee simple to the land. The bill further shows they also agreed in writing, if at any time the complainant would call on them by written notice delivered or mailed to the president of the named bank to perfect the title to any part of these lands, they would proceed to do so. The bill avers that in March, 1913, it (complainant) made a written demand, which was mailed or delivered to the president of the bank named, advising that the titles to certain lands, describing them, were defective, some in whole and some in part, pointing out the defects in the title to the land, and the grantors have failed to perfect the title to the land by obtaining quitclaim conveyances or by appropriate judicial proceedings as the contract provided.

[3, 4] This written demand to perfect the title to the named lands was made in May, 1913, and the bill of complaint was filed September 27, 1920. Was that a reasonable time for the grantors to perfect the title to the lands named, from May, 1913, to September 27, 1920? The contract provided, after the written demand was delivered, the grantors would have a reasonable time to so perfect the title before they could be required to pay the agreed purchase price value per acre. What is a reasonable time is sometimes a question of fact, and then again it is a question of law. When it depends upon undisputed admitted facts, it is a question of law. Here the facts are averred in the bill, and the demurrers admit the facts. This makes it a question of law, and we hold under the averments of the bill that from May 19, 1913, to September 27, 1920, was more than reasonable time for the grantors to perfect the title to these lands by obtaining quitclaim conveyances or by appropriate judicial proceedings against all adverse claimants. Cotton v. Cotton, 75 Ala. 345; Erswell v. Ford, 205 Ala. 494, headnotes 4, 5, 88 South. 429.

[5, 6] The bill avers the title to the lands described therein were defective and imper-

fect in May, 1913, when the written demand was made, and that the title was still imperfect at the time. of the filing of this bill. The grantors contracted and covenanted that they owned and conveyed to complainant "a perfect unincumbered title in fee simple to all the lands." This covenant or contract was breached when made, if the title was not a perfect unincumbered fee-simple one; its breach was not dependent on any future event. The bill avers there was a total failure of title to parts of the land and a partial failure of title to parts of it when the conveyance was made, when the demand was made on the grantors to perfect it, and this bill was filed to recover the purchase money for failing to perfect the title as the contract required. It is unnecessary for the bill to further aver an eviction or ouster or the assertion of any adverse claim. Copeland v. McAdory, 100 Ala. 553, 13 South. 545; Sayre v. Sheffield, 106 Ala. 446, 18 South. 101; Partridge v. Bates, 201 Ala. 557, 78 South. 911.

The contract specially provides for rescission and recovery by complainant for any acre of land when the title to it totally fails, and the grantors fail within a reasonable time after demand to perfect the title to it. The contract fixes the amount and measure of compensation at the purchase price of each of such acres, and the contract fixes the amount when the timber has and when it has not been removed by complainant from the land. The contract does not fix the value per acre of the land or the measure of compensation when the title to it fails in part. This is left to the law to fix the measure of compensation. The contract was entered into on May 25, 1911, the conveyance of the land in accordance with it was executed July 10, 1911, and the deed of trust to secure the purchase money for it was executed September 30, 1911. The demand to perfect the title to the lands, as per contract, was made and delivered May 19, 1913, and the grantors had a reasonable time thereafter to perfect the titles to it. The last purchase-money bonds, secured by the mortgage on the land, matured in 1922, after the bill in this cause was filed on September 27, 1920. The contract evidenced by the mortgage or deed of trust to secure the purchase money had not fully matured as to all of the purchase money when this bill was filed. There was no fact averred in the original bill or in the bill as amended that would estop or prevent complainant from maintaining this bill to reconvey the land to which the title totally failed, and to recover the fixed purchase price for each acre of the land where the title to it totally failed, as averred therein, or from maintaining also this bill as amended to retain possession of the land in which there was a partial failure of title and to recover compensation under the covenant in the con-

veyance and contract for the diminished value of the title to this land on account of any incumbrances on the land or partial defects in the .title. This court practically so held on former appeal. Alger-Sullivan Lbr. Co. v. Union Trust Co. et al., 207 Ala. 138, 92 South. 254.

The court erred in sustaining demurrers to the bill as amended. A decree overruling them will be here entered, and the cause remanded.

Reversed, rendered, and remanded.

. ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.