61 So.2d 69

**WOLFF v. WOODRUFF.**

3 Div. 625.

Supreme Court of Alabama.

Oct. 9, 1952.

Jack Crenshaw, Montgomery, for appellee.

————◆————

Roman L. Weil and Rushton, Stakely & Johnston, Montgomery, for appellant.

4

**FOSTER, Justice.**

The question on this appeal is the sufficiency of a bill in equity filed by appellee against appellant and others, in so far as the same is tested by appellant's demurrer. The other respondents in the bill of complaint have not sought to question its sufficiency with respect to them. The equity of the bill against all of the respondents is predicated upon the Declaratory Judgments Act, section 156 et seq., Title 7, Code.

The question sought to be settled is whether or not the respondents, other than this appellant, have an easement in a certain lot described in the bill which seeks a judgment against appellant, if it be found that the other respondents have such an easement. Such judgment is predicated upon a covenant of warranty in the deed executed by appellant on April 24, 1919.

The question here presented, therefore, is whether or not the bill makes a sufficient showing of a claim against this appellant upon the contingency that the other respondents in the bill show that they have an easement in the lot embraced in the deed from this appellant, dated April 24, 1919, referred to above.

Appellant deeded the property not to this complainant, but to others, and the complainant obtained her interest by deed executed to her on September 7, 1948, which deed contains, it is alleged, a warranty of some nature not specified in the bill.

The liability sought to be fastened upon the appellant is therefore contingent upon the other respondents in the bill establishing the validity of their claim to an easement.

The first question which we wish to discuss is whether or not such a bill will lie against the appellant when the claim of liability against him is based upon the condition that complainant in the suit is unsuccessful in her contention that the other respondents do not have an easement against said lot. Section 163, Title 7, Code, has application to that contention. It relates to supplemental relief in a suit for declaratory judgment.

It is contemplated by said provision of law that supplemental relief may be awarded, but that supplementary application therefor shall be made to the court having jurisdiction. It is not contemplated by such provision that supplemental relief shall be combined with the principal relief sought by the declaration as to the controversy between the parties.

The question is not controlled by the principle of multifariousness, but whether or not a bill can be maintained against a third party conditioned upon a declaratory judgment unfavorable to the complainant with respect to other parties to the suit, and when there is an adequate remedy at law against him. Section 163, Title 7, Code, is sufficient to justify a supplementary proceeding in the same court in which the declaratory judgment is rendered, although it may be directed to the enforcement of a claim available at law. Marion County v. Middleton, 246 Ala. 464, 21 So.2d 312.

We think the principle is quite similar to that which is authorized by Rule 119–½ of Equity Practice, see fly leaf page XVI, 240 Ala., Title 7, Appendix, Pocket Part Code, providing for a deficiency judgment after there has been a sale and foreclosure of a mortgage or lien. The practice has grown up to pray for such deficiency judgment in the original bill, although the rule, which is a counterpart of section 6652 of the Code of 1923, contemplates a supplementary proceeding. Qualls v. Union Central Life Ins. Co., 242 Ala. 619, 7 So.2d 558; Kemp v. Brown, 251 Ala. 552, 38 So.2d 329.

But in order for the bill to withstand the demurrer interposed by this appel-

lant, seeking relief against him conditioned upon the establishment of an easement in favor of other respondents, it must sufficiently show the liability of appellant based upon the alleged condition, and if the bill is insufficient in that respect it would be subject to demurrer properly interposed. It is not subject to the ground that the bill is multifarious, nor that there is an adequate remedy at law, but it could probably not be sustained without the authority of section 163, supra.

■ This appellant would be a proper party to a bill seeking a declaratory judgment against the other respondents in it with respect to said easement if the bill sufficiently shows that he has a present interest in that controversy. But in order for appellant to be affected by such declaration, it is necessary to allege facts showing that he was at the time the bill was filed interested in the question involved. He would be interested if the bill sufficiently showed that appellant was at that time under the burden of a warranty, which was breached by the existence of the easement referred to in the bill, and that such breach occurred while complainant was the owner of the property.

So that, so far as appellant is concerned, the equity of the bill is dependent upon its allegations showing that he was under the influence of such a warranty when the bill was filed.

■ With respect to a warranty, the bill alleges that in 1919 the appellant conveyed the property in question to complainant's predecessor by warranty deed, and that the deed warranted that the lot contained a frontage of forty-five feet more or less. That is the only allegation in the bill with respect to the nature of the warranty therein contained. There is no question but that the lot had a frontage of forty-five feet or more and, therefore, the particular warranty which is set forth in the bill is not shown by it to have been breached, assuming that there existed an easement in favor of the other respondents which was then in effect. The existence of such an easement would not be a breach of the warranty that the lot had a frontage of forty-five feet, more or less, on Grove Street.

■ The principle is well established in our practice that when a written instrument is alleged to be the basis of a complaining party's right to sue, good pleading requires that he either attach a copy of such instrument as an exhibit, or copy that feature of it which is relied upon, or set out its substance. Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; McKenzie v. North River Ins. Co., Ala.Sup., 58 So.2d 581.[1] It is not sufficient for the bill to refer to the record of such a deed where it may be found. Oglesby v. Thomas, 245 Ala. 133, 16 So.2d 320.

■■ That principle is material in a vital respect in construing the sufficiency of the bill in so far as appellant is here concerned. For it is well established that a covenant of general warranty or one for quiet enjoyment includes a covenant against disturbance by an encumbrancer. It relates to the future and runs with the land, but it is breached when, and only when, quiet enjoyment is disturbed. The cause of action with respect to the breach of such a warranty is in the owner of the land at the time of the breach, and after the covenant is breached the right to sue for such breach does not run with the land. Blaum v. May, 245 Ala. 156, 16 So.2d 329.

■ A covenant of quiet enjoyment and of warranty are practically identical in operation. An easement then existing, materially affecting the value and interfering with the present right to use and to the possession of a part of the premises, is a breach of that covenant. A right of way, private or public, encumbering a part of the premises is a breach of the covenant,— Copeland v. McAdory, 100 Ala. 553, 13 So. 545,—and would not pass to a subsequent purchaser of the land.

■■ Likewise, a covenant that the grantor owned and conveyed a perfect, unencumbered title in fee simple to all the land was breached when the deed was made if the title was at that time not per-

[1]. 257 Ala. 265.

fect and unencumbered in fee simple, as the breach was not dependent upon any future event. Alger-Sullivan Lumber Co. v. Union Trust Co., 209 Ala. 432, 96 So. 436. Also a covenant of good right to convey is breached when made if the covenanter has no title, and it would not run with the land. Partridge v. Bates, 201 Ala. 557, 78 So. 911.

This appellant made no covenant with the complainant, and a claim of liability by this complainant against appellant for the breach of a covenant must be of such nature as runs with the land, and must have been breached while complainant was the owner of the land. If the covenant was breached before the deed was made to complainant by her immediate grantor, complainant would have no cause of action against appellant because a mere conveyance of land would not pass a right to sue for the breach of a covenant which had theretofore occurred.

It is necessary to make a prima facie showing in the bill against this appellant that the covenant was breached by him after complainant obtained a deed conveying the property to her from her immediate grantor, and is of such nature as to run with the land. We cannot find in the bill sufficient allegation to support such a contention.

There is a ground of demurrer to the effect that the bill states no facts entitling complainant to the relief sought against this appellant. Of course, that is a general demurrer. But a general demurrer is available in equity practice. Rule 14, Equity Practice, Title 7, Appendix, Code. We think the bill is subject to the general ground in so far as this appellant is concerned.

Although its sufficiency as one to obtain a declaratory judgment, sought under the Declaratory Judgments Act, is not presented by the respondents in the bill who are alleged to claim an easement, yet if the bill is wanting in equity in that respect, appellant could probably raise the question by demurrer because the right to relief against appellant in equity could only be based upon the principle that the court is alleged to have jurisdiction under the Declaratory Judgments Act against those who claim such easement. This is so because the complainant cannot bring appellant into a court of equity for the purpose of establishing a claim of liability against him for the breach of a warranty available at law, unless there is some other principle which justifies a resort to equity.

The Declaratory Judgments Act, as we have held, was not intended to confer upon a court of equity jurisdiction of a subject matter which it had not possessed theretofore. Love v. Rennie, 254 Ala. 382, 48 So.2d 458.

Under the Declaratory Judgments Act the procedure may be had in equity, provided the relief sought to enforce an equitable power, although there may be an adequate remedy at law also, but not if the matter is not of equitable cognizance. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Berman v. Wreck-A-Pair Building Co., 236 Ala. 301, 182 So. 54; Love v. Rennie, supra. This is emphasized by the Act of October 9, 1947, amending section 167, Title 7, Code, Gen.Acts 1947, page 444.

It is within general equitable powers to quiet the title to real estate, especially if complainant is in possession. It is therefore a justiciable controversy cognizable in a court of equity when the question between the parties is the existence vel non of a private or public easement in said property. And being so, it is available to bring in appellant by alleging facts showing that he is interested in that controversy on account of certain specified covenants of warranty which run with the land and were breached after complainant became the owner, and he can be made in that suit to respond to his liability for such breach when it is shown that his covenant covers such breach and that the complainant is entitled to recover therefor.

But we think the bill is insufficient to show such liability on the part of appellant, in that it does not set forth the terms or effect of the covenant alleged to be breached, and it does not show that the lia-

bility of appellant for such breach did not arise before the conveyance was made to the complainant by her grantor, since appellant did not covenant with her.

It results, therefore, that the demurrer of this appellant should have been sustained, and a decree will be entered here to that effect. Appellee is allowed thirty days in which to amend the bill if so advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.