251 So.2d 376

**MID–STATE HOMES, INCORPORATED**

**v.**

**Harry PONDS and Alice L. Ponds.**

**1 Div. 41.**

Court of Civil Appeals of Alabama.

July 28, 1971.

R. A. Norred, Birmingham, for appellant.

Wilters & Brantley, Bay Minette, for appellees.

WRIGHT, Judge.

Suit was begun in the Circuit Court of Baldwin County, Alabama, by Harry and Alice L. Ponds against Mid-State Homes, Incorporated. Suit was on the law side for breach of a covenant in a contract for sale of real property.

Appellees-plaintiffs below, on the 3rd day of August 1962, entered into a sale contract with appellant for the purchase of a house and lot in Bay Minette, Alabama. The lot was described in the contract by metes and bounds. The contract provided for a small down payment, with the balance to be paid monthly at 6% interest. The remainder was to be secured by either a note and mortgage or by seller retaining title with an agreement for deed upon payment of total price and interest. There was a warranty in the contract that the seller owned the property described free and clear of all liens and encumbrances, except taxes for 1961 and restrictions and easements of record. On the same date as the sale contract, the parties entered into an agreement for deed whereby upon payment of the purchase price and performance of certain other conditions by the purchaser, seller covenanted to convey fee simple title free of all encumbrances to purchaser.

Purchaser was placed in possession of a house and lot and lived there for some six years. Payments were made as due and were not in arrears as of the time of trial.

The complaint of appellee is not upon the agreement for deed, but upon the warranty in the sales contract that the seller owned the property described at the time of sale. Whether there was a right of action on the sales contract after execution of the agreement for deed is not an issue.

There was no rescission of the contract involved but merely an action for damages for breach of warranty of ownership of title.

Upon trial, plaintiffs-appellees introduced into evidence the agreement for deed and the sales contract. Evidence was presented that prior to suit appellees had secured the services of a licensed surveyor who had surveyed and determined that the property described in the contract was not the property of which they were in possession. There was parol evidence, admitted over objection, that someone was claiming the property appellees occupied. There was no evidence of what the claim consisted. The propriety of admission of such parol evidence was not assigned as error on appeal. There was no evidence of any adverse title or encumbrance of record. No one had challenged appellees' possession or right to possession in any manner, but merely that appellees' had heard of some claim. There was no evidence that appellant did not own either the property described, or that possessed at the time of the making of the contract, or at the time of trial. There was no offer of return of possession by appellees. There was no proof of damages other than the payments made on the purchase price.

In its oral charge to the jury the court stated it did not know what the proper measure of damages would be in such a case, but that appellees had sued for all their money back, plus interest at 6%. A part of the charge was as follows:

"* * * But I am going to leave it up to you. You jurors are put in this box because you are reasonable and because you are thought to have good judgment, and I just want you to do justice as you swore when you took the oath to try the case as fairly and impartially and do justice between the plaintiffs and the defendant. Whatever you determine is a reasonable amount to reimburse these people for the fact they were sold something the defendant doesn't own. There is no proof that anybody is attempting to run them off but there is proof that they are not where they were sold and somebody might come in today or tomorrow and try to move them and the whole thing is, when you buy something you are entitled to get what you bought, * * *"

Appellant's written request for the general affirmative charge was refused.

The jury returned a verdict in favor of appellees and assessed their damages at the sum of $3000.00.

Appellant has assigned as error the court's refusal of its request to give the general affirmative charge. We consider the assignment as well taken.

The issue presented by the pleadings in this case involves only an alleged breach of warranty, that appellant, at the time of entering into the sales contract had title to the property described therein free from all liens and encumbrances. There was nothing else presented in the complaint. There was no claim for mistake or error in description or delivery. Apparently appellees were placed in possession of the property contemplated when the sale was made. There is no claim for breach of the entire contract. There is no rescission, misrepresentation, fraud, cancellation or reformation of the contract involved. The sole issue presented is whether appellant owned title to the property described in the contract on the date thereof.

There is no proof whatever in the evidence that appellant did not have title as warranted. Though unnecessary to disposition, we further comment there was no evidence that appellant did not own the property which appellees went into possession of and lived on for six years and which they still lived on at the time of trial. The court, in its oral charge to the jury quoted above, stated the condition of the evidence when it said "There is no proof that anybody is attempting to run them off but there is proof that they are not where they were sold and somebody might come in today or tomorrow and try to move them * * *"

The latter statement of the court was not an issue raised by the pleadings. The fact that "nobody is attempting to run them off" was not the issue raised by the complaint either.

As stated, the issue was whether at the time of making the contract, made the basis of the suit, appellant had title to the property described. The burden of proving a breach of the warranty sued upon was on the appellees. Alger-Sullivan Lumber Co. v. Union Trust Co., 209 Ala. 432, 96 So. 436; Anderson v. Knox, 20 Ala. 156; Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69. Appellees presented no legal evidence that appellant did not have title as warranted. Under such state of the evidence, appellant-defendant was entitled to have given the general affirmative charge. Fidelity & Cas. Co. v. Bank of Commerce, 285 Ala. 580, 234 So.2d 871; Anniston Soil Pipe Co. v. Central Foundry Co., 275 Ala. 545, 156 So.2d 637.

For improper refusal of appellant's written request for the general affirmative charge, the verdict and judgment of the trial court is reversed and judgment is rendered in favor of defendant below.

Reversed and rendered.