(77 South. 367)

THOMAS v. VANDERSLICE et al.
(1 Div. 994.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. DEDICATION ⬥⇒18(2)—GRANT OF PERPETUAL USE OF LANE.

Grant to a purchaser of a lot of "the perpetual right of use in, to, out of, over, along and across" a 20-foot lane on grantor's land between the lot and remainder of grantor's property, which lane had previously been a purely private one for convenience of grantor's property, did not amount to a dedication thereof by grantor, in the sense to make it a public street, road, or alley, as where lands are platted and mapped into streets, alleys, etc., and lots are sold in accordance with the map or plat.

2. EASEMENTS ⬥⇒12(1) — CONSTRUCTION — PRIVATE LANE.

A deed granting the perpetual use of a private lane must be construed in the light of the facts and circumstances attending its execution and in the light of the use to which the lane has since been put by all the parties to the deed for more than ten years.

3. EASEMENTS ⬥⇒60—REMOVAL OF OBSTRUCTIONS IN LANE.

Even if, when grantee was given perpetual use of lane on grantor's property, he was also given right to remove gates therein, his remedy, upon grantor's refusal to remove them, was to remove them himself, rather than to bring a bill in equity, unless his attempt was resisted by grantor.

4. EASEMENTS ⬥⇒60—OBSTRUCTION — COMPELLING REMOVAL OF OBSTRUCTION.

Where a grant of perpetual use of lane on grantor's land made no mention of existing gate, but for ten years the grantee did not treat the gate otherwise than as a proper accessory to prevent trespassing, and grantor never used it to obstruct the use of grantee or others, nor claimed a right to do so, the grantee could not compel its removal by grantor.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Benjamin F. Thomas against George M. Vanderslice and others. Bill dismissed, and complainant appeals. Affirmed.

Rickarby & Austill, of Mobile, for appellant. Yerger & Foster, of Mobile, for appellees.

MAYFIELD, J. The suit is by bill in equity, and seeks to compel respondents (appellees here) to remove a gate from across a lane 20 feet wide, which is between the lot of complainant and the property of respondents. The fee to the lane is in the respondents, but complainant has acquired a right of way along, over, and across such lane. This right he acquired by conveyance from one Mrs. Foster, who once owned all the land on both sides of the lane or alley as well as the exclusive right to the use and control of such way. In 1905 she sold to complainant a lot of one acre, lying on the north side of the lane or alley, and bordering the same for a distance of four chains and four links, about 266 feet. His grant, as to the use of the lane, is as follows:

"Grantor herein also conveys the perpetual right of use in, to, out of, over, along and across the said 20-foot lane above referred to in this deed of conveyance."

[1] It clearly appears that this lane or alley was never a public one, but purely private, for the convenient use of the property through which it passed; and that prior to the conveyance to complainant no one had a right to its use except the owner thereof and of the lands on both sides, viz. Mrs. Foster, complainant's grantor. The record fails to show that, by its use or otherwise, this lane or alley has since the grant in question become a public way in the sense of a street or road, though the complainant by his deed did acquire the use thereof in connection with the lot purchased from the original owner. The grant in question did not amount to a dedication of the lane by the owner, in the sense to make it a public street, road, or alley, as where lands are platted and mapped into streets, alleys, etc., and the lots are sold in accordance with the map or plat. It is perfectly plain that the case does not fall within the rule of law declared, as to conveyances according to such maps, plats, and surveys, manifesting the intention and purpose to make the streets, alleys, etc., public, being held to be a dedication. No facts or reasons obtain here to show that the alley was by the conveyance made a public one; it appearing, to the contrary, that it remained a private way, but one to the use of which, as if it were public, the grantee and those claiming under him should ever be entitled.

The gate which it is sought to have the respondents remove from across the lane was there when complainant acquired his lot and the right of way in the lane. It was not then, by the parties owning the lane, considered an obstruction of the lane; and it seems never to have been treated as an obstruction, but as a proper accessory to the use of the lane or alley, in connection with the two premises for the use of which it was intended. It is shown that the gate has never been used as an obstruction of the lane, against the use of it by complainant or by any other person desiring to use it. It was intended to prevent the use of the way by the public, and to prevent stock or animals from running through the lane and trespassing upon the property of the owners. It also appears that there was another gate across the lane when complainant acquired his property and for a brief time thereafter, and that both gates, when in use, were not then treated or considered as unwarranted or unlawful obstructions of the lane. One gate was allow-

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to decay and become unfit for use, and was simply not replaced by complainant or respondents.

[2] Complainant's deed must be construed in the light of the facts and circumstances attending its execution, and in the light of the use to which the lane has since been put by all parties to the deed, or by those claiming rights thereunder for more than ten years. So construing it, we are constrained to hold that it did not convert the private alley into a public one; but only granted to complainant the right to use the way in connection with his premises and for the same purposes for which the owner was using it—which right he exercised for more than ten years without complaint.

[3] 'Tis true that complainant alleges that Mrs. Foster gave him the right to remove the gate or gates when he should desire to do so, but this allegation is not established by any competent proof; and if she did so, and he has that right, then he would have nothing to do but to remove it, and would not need the aid of a court of chancery unless his attempt was resisted or prevented by the respondents (and there are no such allegations or proof). The allegation is that the respondents refuse to remove the gate, and the prayer is to compel them to remove it. There is no claim in the allegation, nor proof to show, that either Mrs. Foster or the respondents ever offered or agreed to remove the gate; the sole claim being that Mrs. Foster told complainant he could remove it if he ever desired so to do.

[4] The answers aver, and the proof corroborates, that they have never objected to or prevented the use of the lane by complainant since they owned the Foster place; that complainant, ever since they have been interested in the matter, has used the lane jointly with them and their tenants, just as he had done before they were interested. Respondents do not claim any right to deny to complainant the use of the lane or of the gate, but concede that he has the same right that they have to the use. They insist that the gate is not an obstruction to the use of the lane as intended by all the parties interested; that it is not only not an obstruction or a nuisance as for the use of the lane, but is necessary to a proper use thereof, and to protect respondents' premises from trespassers, for which it was originally erected and has ever since been maintained.

As we have before said, the case is distinguished from cases as for the obstruction of a public way, or of a private one in violation of the rights of the owners or of those who have acquired the right to so use it. The case made by this record is that the way is private, and that complainant now has the same unobstructed use thereof which he has ever had, and which he contracted for, and that no one a party to this record has ever denied, or now denies, his right to such use.

It follows that there is no equity in the bill, and that the trial court properly dismissed the bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.