79 So.2d 549

**W. D. SELF**

v.

**Sam C. HANE.**

**6 Div. 813.**

Supreme Court of Alabama.

April 14, 1955.

Lowe & Williams, Birmingham, and Huey, Stone & Patton, Bessemer, for appellant.

Morton & Hesse, Birmingham, and Wm. C. Smithson, Bessemer, for appellee.

SIMPSON, Justice.

This is an appeal from an order granting a temporary injunction. Complainant Hane is in possession of the tip of a small peninsula protruding northward into the Warrior River. Respondent Self is in possession of that portion of the same peninsula lying just south of the property occupied by Hane. The only route of ingress and egress that Hane has is over the property occupied by Self. Respondent Bell is the common lessor of Hane and Self. Hane claimed a right of way over the land occupied by Self by virtue of a grant and by way of necessity. There is some discussion in brief about prescription but the allegations of the bill are not sufficient to establish a right in that respect.

In his bill, to which both Self and Bell are made respondents, Hane complains of certain acts on the part of Self which allegedly interfere with his right of way. The case was submitted on sworn bill and answer and affidavits and the trial court issued a temporary injunction restraining Self and Bell from interfering in any way with Hane's free ingress and egress to and from his property. Self alone appeals.

It is suggested that we should dismiss the appeal because notice was not given to Bell in accordance with the provisions of § 804, Title 7, Code 1940. We have not found a case exactly similar in this regard to the instant one, but before this statute was passed a single party could appeal if the interest was single and not joint. Maya Corp. v. Smith, 240 Ala. 371, 199 So. 549. That status seems to obtain here with re-

spect to the two respondents. Notice to Bell would, of course, be necessary to give this court jurisdiction over him, but we think the case can be disposed of on its merits without such jurisdiction. The injunction is against Self and Bell individually. We can perceive of no injury that would be done to Bell if we considered the correctness of the injunction as applied to Self. So considered, the appeal will not be dismissed.

The main complaint in the bill is that respondent Self has erected gates across the right of way where it enters and leaves his property; that though these gates are not locked, it is necessary for complainant to get out of his automobile and open them in order to pass through to his property. While the writ of injunction is very vague, we think it can be construed as ordering the respondent to keep the gates open pending the final determination of the cause. Though the bill may be subject to apt demurrer in regard to this phase, we think it does contain equity. That is, under it proof could be offered which would entitle complainant to that relief. As stated, the injunction was granted on the basis of a sworn bill and answer and affidavit. Under such circumstances the problem usually becomes one of balancing the convenience of the parties and we cannot say that the trial court abused its discretion in that regard. State v. Mobile & O. R. Co., 228 Ala. 533, 154 So. 91; Rice v. Davidson, 206 Ala. 226, 89 So. 600. The temporary order will be so construed and on that basis the decree will be affirmed.

That part of the injunction which enjoins the respondent from "interfering" with complainant's right of ingress and egress is too all-inclusive to stand. Respondent has the right to use the right of way the same as the complainant. Such use might conceivably "interfere" with complainant's right of ingress and egress, but it is only an unreasonable interference with that right from which the respondent could be enjoined. The writ should not have been couched in such general terms but should deal with specific facts. Sellers

v. Valenzuela, 249 Ala. 620, 32 So.2d 520; 28 Am.Jur., Injunction, § 300.

In view of some argument in the briefs, we will make some observations which we hope will be of assistance to the trial court on final hearing. Complainant protests in his bill of the fact that fence posts and a patio constructed by the respondent Self narrowed the way from what it had been theretofore. But the bill is silent of any allegation that would indicate that complainant has the right to insist that the way remain of a particular width. As we have said, a case for prescription is not made out. The deed granting the right of way does not fix its width. Therefore, the right is such as may be reasonably necessary to enable the complainant proper ingress and egress to his premises. Ellard v. Goodall, 203 Ala. 476, 83 So. 568. Existence of a way prior to the grant has been held to be worthy of consideration in this respect, but on the meager allegations of the bill before us we cannot say that such should be the case. 28 C.J.S., Easements, § 77, p. 757. Nor does it appear from the allegations of the bill that there is a practical necessity for a roadway of a certain width. 2 Thompson, Real Property, § 550.

The bill also complains that the respondent "at times" permits "many automobiles and trucks" on the road in question and that this "interferes" with the use by complainant. But the bill does not allege that the vehicles are left parked in a way so as to block passage and, as previously stated, respondent's use of the way can be restrained only when it becomes an unreasonable interference with the complainant's right.

It should also be stated that the mere fact that complainant has a right of way by claim of necessity does not of itself mean that respondent cannot establish gates across it where it enters and leaves his property. It is a question of reasonableness under all the circumstances. See Thomas v. Vanderslice, 201 Ala. 73, 77 So. 367; Brill v. Brill, 108 N.Y. 511, 15 N.E. 538; Chenevert v. Larame, 42 R.I. 426, 108 A. 589; Annotation, 73 A.L.R. 778.

It results from these considerations that the order appealed from will be affirmed as indicated hereinabove.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.