90 So.2d 284

**ADAMS SUPPLY COMPANY**

v.

**UNITED STATES FIDELITY & GUARANTY CO. et al.**

3 Div. 698.

Supreme Court of Alabama.

Nov. 1, 1956.

Knabe & Nachman and Jack Crenshaw, Montgomery, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellees.

PER CURIAM.

This is an appeal by complainant from a final decree sustaining a demurrer to a bill in equity and dismissing the bill upon the failure of complainant to amend after the demurrer was sustained.

The bill had been redrafted completely, to which the demurrer was sustained when the final decree was rendered. The bill as redrafted and finally amended (as was also the original bill) was against the United States Fidelity & Guaranty Company, J. B. Whitehead Plumbing and Heating Company (referred to hereafter as J. B. Whitehead), and Folmar-Flinn Corporation (referred to hereafter as (Folmar-Flinn). It alleged the existence of contracts by Folmar-Flinn as general contractors to build one hundred and forty-six dwelling units for three different owners. Folmar-Flinn made subcontracts with J. B. Whitehead to do the plumbing for each house. The U. S. F. & G. Co. as surety executed a bond as to each owner with J. B. Whitehead as principal, said bond being payable to Folmar-Flinn as obligee and conditioned as follows: "that the principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said principal".

The contract between J. B. Whitehead and Folmar-Flinn provided that J. B. Whitehead agreed to furnish Folmar-Flinn "a payment and performance bond" (but that Folmar-Flinn are to pay the premium on it), and "to promptly pay all items of labor and materials going into said work not later than the 10th day of the month following delivery to the job or installation as to materials and equipment and agrees to pay all labor weekly. In all events, J. B. Whitehead Plumbing and Heating agrees to pay for such labor, materials and other charges in such a manner that there will be no lien against the property or any claim against the general contractor or the owner." Paragraphs 6 and 7 of the amended bill set out the nature of the controversy here involved, and are as follows:

"6. In the performance of said subcontracts with Folmar-Flinn Corporation the respondent Whitehead purchased from the complainant certain heating and plumbing fixtures, material and equipment to the value of in the total sum of $25,238.56, all of which said fixtures, material and equipment were used by said J. B. Whitehead in performing said subcontracts with Folmar-Flinn Corporation for the construction of the housing units specified above; that said Folmar-Flinn Corporation had actual knowledge that complainant was furnishing said items and wrote to your complainant a letter dated August 16, 1950, which is attached as Exhibit B to the original bill in this cause and is hereby adopted as fully as if set out herein; and complainant replied under date of August 18, 1950, copy of which said letter is attached as Exhibit C to the original bill in this cause and is hereby adopted as fully as if set out herein.

"7. That although said materials were furnished by the complainant in the month of September, 1950, said J. B. Whitehead failed to pay for the same on or prior to October 10, 1950, as required by his subcontract with Folmar-Flinn Corporation. On October 14, 1950, complainant gave notice to Folmar-Flinn Corporation that Whitehead was indebted to complainant for said materials so furnished and at the same time delivered to Folmar-Flinn Corporation a letter from J. B. Whitehead addressed to Folmar-Flinn Corporation, copy of which letter is attached

as Exhibit D to the original bill in this cause and is hereby adopted as fully as if set out herein. Said letter requested that all future payments due J. B. Whitehead be made in the form of checks payable jointly to J. B. Whitehead and Adams Supply Company, and the request of said letter was answered by Folmar-Flinn Corporation, as shown on the copy of said letter. At the time said letter was presented to Folmar-Flinn Corporation said Folmar-Flinn Corporation was indebted to said J. B. Whitehead in the balance of $11,887.00 under said subcontracts. Subsequently said Folmar-Flinn Corporation paid to complainant and Whitehead jointly the total sum of $9,692.87, which amount left a balance due from Folmar-Flinn Corporation to Whitehead and complainant of $2,194.13, and left an additional balance due complainant for such materials of $13,351.56, a total balance due complainant of $15,545.69."

The letter referred to as Exhibit "D" is as follows:

"October 14, 1950
"Folmar-Flinn Corporation
"P. O. Box 12
"Montgomery, Alabama.
　　　"Subject: Happiness Homes, Inc.
　　　　　　　Dallas Homes Inc.
　　　　　　　Clover Homes Inc.
"Gentlemen:
　"Reference is herewith made to the subject 146 units that we have under contract with you.

　"It is requested that all future payments due us for performance of this work be made in the form of checks payable jointly to J. B. Whitehead and Adams Supply Company.

　"This acknowledges that said Adams Supply Company is material supplier for the subject projects.

"It will be greatly appreciated if you will acknowledge your co-operation with this request.

　　　　　"Yours very truly,
　　　　　"J. B. Whitehead
　　　　　"Plumbing & Heating
"CC
"Adams Supply Co.

"Folmar-Flinn Corp.
"By: J. W. Rutland, Jr. (Signed)"

In paragraph 9 of the bill the contention of the respective parties is set out, as to which a justiciable controversy is alleged to exist as follows:

　"That it is the contention of the complainant that the said bonds so executed by United States Fidelity and Guaranty Company should be construed in accordance with the intention of the parties as a performance bond guaranteeing the performance by said J. B. Whitehead of his said subcontracts with Folmar-Flinn Corporation, including the payment by said J. B. Whitehead of all materials furnished in the erection of said housing units; that if mistaken therein complainant further contends that it had a lien on said premises to the extent of any unpaid balance due from Folmar-Flinn Corporation to said J. B. Whitehead, which unpaid balance was in the sum of $2,-194.13; the respondent, United States Fidelity and Guaranty Company, contends that no liability exists under said bond for the payment to complainant of any amount for the materials so furnished by complainant for the erection of said housing units."

The relief prayed for is as follows:

　"(a) Construing said bond executed by United States Fidelity and Guaranty Company as surety for J. B. Whitehead, as a performance and payment bond.

　"(b) Declaring the rights and obligations of the complainant and the respondents herein.

"(c) Declaring that said Folmar-Flinn Corporation and United States Fidelity and Guaranty Company are liable to complainant for the balance of such materials furnished and used in the erection of said housing units, which said balance is the sum of $15,545.69.

"And if mistaken in the relief hereinabove prayed for, complainant prays that the court will make and enter a decree declaring that said respondents, Folmar-Flinn Corporation and the United States Fidelity and Guaranty Company, are liable to complainant for the sum of $2,194.13, representing the balance due from Folmar-Flinn Corporation to J. B. Whitehead at the time of the acceptance of said letter of October 14, 1950, after giving credit for said amounts heretofore paid.

"And if mistaken in the relief hereinabove prayed for, complainant prays for such other, further, and general relief to which in equity and good conscience it may be entitled."

There was only one demurrer filed to this amended bill. It begins: "Comes the respondent in the above styled cause and * * * refiles the demurrers now on file in said cause and in addition" assigns further grounds to the bill as a whole; and then to that aspect whereby complainant prays a judgment for $15,545.69, and assigns grounds. Then it proceeds to demur to that aspect which claims that liability on the bond against U. S. F. & G. Co. should be fastened by virtue of the contract between Folmar-Flinn and J. B. Whitehead, and assigns grounds. Then it proceeds to demur to that aspect which seeks to establish a lien for $2,194.13, and assigns grounds. Then to that aspect which seeks a revision and reformation of the bond referred to, and assigns grounds. Then to that aspect seeking an interpretation and revision of the bond so as to show an intention to make complainant beneficiary of the bond, and assigns grounds.

The demurrer was signed by counsel for U. S. F. & G. Co. The decree sustained the demurrer, (1) to the bill as a whole; (2) to that aspect which claims a judgment against respondent for $15,545.69; (3) to that aspect which claims that liability should be fastened on U. S. F. & G. Co. as for "a performance and payment bond"; (4) to that aspect seeking to establish a lien for $2,194.13; (5) to that aspect seeking a revision and reformation of the bond in question; (6) to that aspect seeking an interpretation and revision of the bond so as to show an intention on the part of respondents to make complainant a beneficiary of it.

Strictly speaking, the demurrer is therefore only by the U. S. F. & G. Co., as only counsel for it sign the demurrer. So that, when the demurrer recites that the "respondent" comes and demurs that literally means that the U. S. F. & G. Co. comes and demurs. But none of counsel put that interpretation on it, and we will not. Counsel argue the questions involved as though each respondent, separately, has thus demurred. We shall do likewise.

■ It has been the policy of this Court, not always observed, to overrule a demurrer to a bill seeking a declaratory judgment when it contains the averments essential to that relief under section 156 et seq., Title 7, Code. Curjel v. Ash, 26 Ala. 42, 72 So.2d 732; Water Works and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Henry v. White, 257 Ala. 549, 60 So.2d 149; White v. Manassa, 252 Ala. 396, 41 So.2d 395; 7-A Ala.Dig., Declaratory Judgments, page 232, ☞325.

■ But if counsel for both sides have argued the merits of their controversy and manifest a desire to have the question settled in that manner, and it is purely a question of law which will not be influenced by facts which are not set out in the bill, this Court exercises a discretion in re-

sponse to such desire to determine the controverted question of law on that basis. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Darling Shop v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211; Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78; Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455.

Appellant in brief refers to the above cited cases and insists upon application of the ordinary procedure. We feel it is our duty to apply the ordinary rule and not consider the merits of the controversy to determine whether the demurrer was properly sustained.

■ The general rule also is that in passing on a demurrer to a bill as a whole if any feature of it is free from the objection made by such demurrer it should be overruled. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So.2d 299; Courington v. Kilgore, 264 Ala. 23, 84 So. 2d 646; 8 Ala.Dig., Equity, page 529, ☞ 232.

■ The bill in one aspect seeks an interpretation of the bond signed by U. S. F. & G. Co. as surety for J. B. Whitehead, with Folmar-Flinn as obligee, to determine whether it includes appellant as a third-party beneficiary in the light of Fidelity & Deposit Co. v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13, and American Employers' Ins. Co. v. Lee & Kincaid Coal Co., 226 Ala. 262, 146 So. 408. That presents a justiciable issue, and there is no ground of the demurrer which points out an insufficiency in pleading it.

The features of the prayer designated (a), (b) and (c) merely specify the matters in controversy and pray for a decision of them. They do not pray for supplementary relief within the contemplation of section 163, Title 7, Code. We treated that statute and its appropriate exercise in Wolff v. Woodruff, 258 Ala. 1, 61 So. 2d 69; Dozier v. Troy Drive-in-Theatres, 258 Ala. 417, 63 So.2d 368; Penney v. Odom, 260 Ala. 563, 71 So.2d 881.

■■ For the reasons stated, we think the demurrer to the bill as a whole should have been overruled. That is feature number (1) of the decree. The features numbered (2) and (3) of the decree were also erroneous, as they refer to aspects which are incidental to the main relief sought. Feature numbered (4) refers to the aspect which seeks to establish a lien, if the court declares that U. S. F. & G. Co. is not liable to complainant on the bond. That relief is not sought to be granted until the court has ruled on the justiciable controversy set out in the bill, and that ruling is adverse to complainant. It is inappropriate to pass on the sufficiency of the bill as to such relief until the court makes declaration as to the primary controversy. When that is done, complainant will have an opportunity to make that contention if it desires to do so. At present there is no justiciable controversy as to that, and it may never reach such stage. The court will not inquire into and make declaration as to a controversy which may never reach a status proper for court action. Gambill v. Greenwood, 247 Ala. 149, 22 So.2d 903; Dozier v. Troy Drive-in-Theatres, ante, p. 93, 89 So.2d 537 (18–20).

As to features (5) and (6) of the decree, we do not find in the bill an aspect seeking to revise or reform the bond, but it only seeks to interpret it in the light of the facts alleged. Features (4), (5) and (6) of the decree should be vacated without passing on their merits.

In other respects the decree should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title

**184**

13, § 32, Code, and was adopted by the Court as its opinion.

Reversed in part, vacated in part, and remanded.

LAWSON, STAKELY, MERRILL and SPANN, JJ., concur.