116 So.2d 590

Sam C. HANE
v.
J. F. BELL.

Sam C. HANE
v.
W. D. SELF.
6 Div. 980, 980–A.

Supreme Court of Alabama.
Dec. 17, 1959.

Morton & Hesse, Birmingham and Wm. C. Smithson, Bessemer, for appellant.

Ling & Bains, Bessemer, for appellee Bell.

Lowe & Williams, Birmingham, and Huey, Stone & Patton, Bessemer, for appellee Self.

84

STAKELY, Justice.

This is an appeal by Sam C. Hane, hereinafter called complainant, from the action of the equity court in sustaining the demurrer of the respondent W. D. Self and also a decree sustaining the demurrer of the respondent J. F. Bell, to the bill of complaint of Sam S. Hane. We shall hereinafter refer to both Self and Bell as the respondents.

Although an appeal was taken from both of the aforesaid decrees it has been agreed between the parties that "only one record shall be made for the Supreme Court on said appeals, which said record shall contain this agreement.

"It is further agreed by said parties that the complainant, the appel-lant in said appeals, may assign error upon the record on appeal separately with respect to each of said decrees and that both appeals be submitted and considered by the Supreme Court upon one record and separate judgments be rendered by the Supreme Court with respect to the two decrees of the trial court entered herein sustaining the demurrer of the two respondents."

This case has been before this court on a previous occasion on appeal by the respondent Self from an order granting a temporary injunction. Self v. Hane, 262 Ala. 446, 79 So.2d 549. This case was originally assigned to another justice but was recently reassigned to the writer.

The purpose of the bill as last amended is (1) to enjoin the respondent from unreasonably interfering with the complainant's use of the established private road over land occupied by respondent Self as subtenant under respondent Bell and (2) to obtain a declaratory judgment defining the rights of the complainant to go on the land occupied by respondent Self for the purpose of repairing, keeping and maintaining the road in reasonable repair for vehicular travel.

The court in granting the temporary injunction which we have referred to indicated that the bill might be subject to apt demurrer for the reasons which we shall hereinafter point out. After the decision granting the temporary injunction, the bill of complaint was amended to which demurrers were then assigned separately by the two respondents.

The bill of complaint as last amended in substance shows that the complainant Hane as subtenant of the respondent Bell, occupies the northerly tip of a small peninsula which protrudes northward in the Warrior River. The peninsula is bounded on the east by Hurricane Creek and on the west by a slough of water from the Warrior River. The respondent Self, as subtenant of the respondent Bell, occupies the southerly portion of said peninsula.

The whole of the peninsula constitutes a part of a larger tract of land held by respondent Bell as tenant in chief under a written lease with the owners.

There is now and for many years has been a public road leading to and from Bessemer, Alabama, to the southmost part of the peninsula. The only land lying and intervening between the part of the peninsula held by complainant and the public road is that part of the peninsula occupied by the respondent Self.

The lease of October 15, 1937, under which complainant holds as sublessee of the original lessee, expressly provides that the lessee shall have "the right of free egress and ingress to said land."

On October 15, 1937, the date on which the original lessee acquired his interest and under whom the complainant holds, and on July 15, 1952, the road in question was established as a 12 foot access road to and from the northern tip of the peninsula and across the portion of the peninsula held by the respondent Self. The road was established along a defined line 12 feet in width.

The respondent Self acquired his leasehold interest in the land occupied by him subsequent to October 15, 1937. He acquired his leasehold interest in 1949 and any interest he acquired in the land was subject to and encumbered with said road. On the date when respondent Self acquired his leasehold interest in the southerly portion of the peninsula, said road then existed as an open and obvious 12 foot road across such land running along a straight line from the southerly line of the land occupied by the respondent, W. D. Self, to the southerly line of the land occupied by the complainant. The southwest corner of said roadway was situated, towit, four feet easterly from the well located on the southerly line of the land occupied by the respondent W. D. Self. The westerly line of said roadway passes along the easterly line of the dwelling situated on the land held by W. D. Self at a point, towit, six feet east of said dwelling.

In the early part of 1953 the respondent Self, without the consent of complainant, placed two large wooden posts in the road at a point near the northerly line of Self's land so as to obstruct seven feet or more of the road and also built a flagstone patio to the east of the dwelling on his land, which obstructed six feet of the road and thereby vehicular travel along the established road was blocked. Thereafter the complainant in order to reach the public road in going to and from his land was forced to drive across respondent Self's land along a route to the east of the established road.

In addition to the foregoing the respondent Self, for the purpose of vexing and harrassing complainant, has built a large wooden gate across the road as relocated at a point just south of a fence built by the complainant along the southerly line of his land. This gate is not part of a fence. It is simply set across the road so that complainant in going to and from his land is compelled to stop, get out of his automobile and open and close the gate. And complainant further avers that said respondent causes, permits or allows motor vehicles to be parked upon said roadway as relocated so as to block passage for an unreasonable length of time and to unreasonably interfere with complainant's right to use said roadway. Further, passage over the road has been obstructed by the respondent Self by building a hump or mound in the road at the gate leading from the public road which causes the under part of complainant's automobile to drag as it passes over the hump or mound.

It is further alleged in the bill that the road as it passes over the land of the respondent Self is worn, washed and greatly in need of repair for reasonable vehicular travel and a controversy has arisen between

complainant and Self as to the right, if any, of complainant to repair, keep and maintain the road in reasonable repair for vehicular travel. The complainant claims that he has the right, at reasonable times, to go upon Self's land to repair, keep and maintain the road in a reasonable state of repair for vehicular travel. The respondent Self forbids the complainant to come upon his land for such purpose. It is upon this basis that the complainant invokes the provisions of the Declaratory Judgment Act and prays that the court make a declaration of the rights of complainant to go upon the land of Self for such purposes.

I. In Self v. Hane, 262 Ala. 446, 79 So. 2d 549, Mr. Justice Simpson, speaking for the court pointed out in effect that there was no grant in the lease of a right of way of a particular width and accordingly the right is such as may be reasonably necessary to give the complainant proper ingress and egress to his premises. And further that the use by Self might conceivably interfere with complainant's right of ingress and egress but it is only an unreasonable interference with that right for which the respondent could be enjoined. We are in full accord with the holding of the foregoing case but think that the amendment made to the bill after the case was returned 'to the lower court meets the objections suggested by the foregoing opinion.

■ It is true that the lease granting the right of way does not show its width but the amendment alleges that when the complainant acquired his leasehold interest in the northern tip of the peninsula, he immediately began to use the road as it then was and continued so to use it for some time without hindrance on the part of Self, and that the road was established along a definite line 12 feet in width and was in existence as an open and obvious road across the land of Self. If a right of way is used by common consent, the way used by common consent may be considered as the established way and it cannot be changed by either party without the consent of the other, nor may a court of equity upon the application of either party change the established way. Tutwiler Coal, Coke & Iron Co. v. Tuvin, 158 Ala. 657, 48 So. 79.

The amended bill also alleges that in the early part of 1953 without the consent of the complainant, Self placed in the road the various obstructions to which we have heretofore referred. We think that on demurrer the amended bill shows that Self has unreasonably obstructed and interfered with the use of the right of way by the complainant.

Accordingly, we believe that the court was in error in sustaining the demurrer to the first aspect of the bill.

■ II. The amended bill shows that the complainant claims that he has the right at reasonable times to go upon Self's land to repair, keep and maintain the road in a reasonable state of repair, for vehicular travel and that the respondent Self forbids the complainant to come upon his land for such purposes.

It seems to us that this presents a justiciable controversy upon which the complainant is entitled to a declaration of rights. He is not seeking a declaration on some right in the future but has alleged that the road as it passes over the land of the respondent Self is worn, washed and greatly in need of repair for reasonable vehicular travel. This presents a basis for relief and not relief upon some mere contingency which may arise in the future.

Furthermore while it may be true that the complainant could have gotten his relief with reference to his right to repair and maintain the road under the original bill, the legislature in 1947 amended the Declaratory Judgment Act by adding the following, sentence to Title 7, § 167, Code of 1940 (1955 Cumulative Pocket Part): "The remedy provided for by this article shall not be construed by any court as an unusual

or extraordinary one but shall be construed to be an alternative or cumulative remedy."

This court in accordance with the foregoing amendment has held that the absence of other remedies is not essential in order to obtain a declaration of rights under the act. Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69; Alexander City v. Continental Ins. Co., 262 Ala. 515, 80 So.2d 523.

The appellant in his brief asks that this court define the rights of the parties with reference to repair and maintenance of the road. We will not do this because unless the parties agree that there is only a question of law involved and both parties desire to have the matter considered by this court and argue the appeal on that basis, we will not declare the rights of the parties on demurrer but will do so only after answer and proof. Adams Supply Co. v. United States Fidelity & Guaranty Co., 265 Ala. 178, 90 So.2d 284; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So. 2d 658.

III. Appellee Bell urges that this court determine and hold that he is not a necessary party to the suit and that if the litigation should continue, it may do so without his presence. He bases his position on the idea that he is but a common landlord and the acts for which relief is sought are not his acts but merely those of his lessee Self. While it may be true that Bell is not a necessary party, he is a proper party because the rights of complainant Hane stem from the lease from Bell to Hane and Bell, who himself holds under a lease from the owners, is necessarily interested in the subject matter of the suit. In equity all persons interested are proper parties. Hanover Fire Ins. Co. v. Street, 234 Ala. 537, 176 So. 350.

We conclude the court was in error in sustaining the demurrer both of the respondent Self and of the respondent Bell.

Accordingly the decrees of the lower court are reversed and the cause is remanded for further proceedings not inconsistent with the view expressed in this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.