229 So.2d 510

**Herman L. NELSON, as State Highway Director, et al., etc.**

v.

**J. E. PATTERSON LUMBER CO., Inc.**

1 Div. 469.

Supreme Court of Alabama.

Dec. 11, 1969.

Tyson, Marr & Friedlander, Mobile, Harry D. Hardy, Special Asst. Atty. Gen., for appellants.

Austill, Austill & Austill, Mobile, for appellee.

PER CURIAM.

This appeal is from a final decree, in equity, enjoining appellants, and also their agents, servants, employees and subcontractors from entering upon, taking over

or using any part of an area of land, described in the decree, until such time as proper condemnation proceedings are instituted and the right of possession is granted to condemning authorities as provided by Alabama's laws of eminent domain.

The restricted area sought to be taken over and used by appellants for public purposes, without lawful condemnation and compensation, adjoins a paved area known as Dauphin Street in Mobile County. The area that is the subject of the decree runs 415 feet east and west along the south side of Dauphin Street. Appellee used the area between the paved street and its business buildings as a parking area for its customers and for other uses incident to the operation of its business. About ten years before this suit, filed on August 19, 1966, appellee paved the disputed area. Appellee's incorporators, and its predecessors there in business, had used the area incident to their business since about 1924, at which time Dauphin Street was not paved. Appellee contends that it acquired title to the disputed area by deed, or, if not, by adverse possession.

The contention of appellants is that this disputed area is a part of Dauphin Street and is not the subject of prescription, adverse possession, or conveyance by appellee's grantor. The further contention is that the disputed area is subject to use for public purposes without eminent domain proceedings, because it is a public street.

Is the disputed area a part of Dauphin Street? That was the sole question for the trial court to decide. The decree, in effect, held that all of the disputed area except forty feet on the east end was private property and belonged to appellee; that the excepted forty feet was a part of Dauphin Street. Therefore, the court enjoined appellants' use of 375 feet of the area, but permitted such use of forty feet.

■ Evidence was introduced by both parties in support of their respective contentions. We will not undertake to detail the evidence, which was taken orally before the trial court. Suffice it to say that the text of the evidence presented a question of fact for resolution by the trial court. We note that the evidence fails to show conclusively that the area approximating 375 feet in front of the business property or buildings of appellee was ever dedicated as a street by boundary lines or width; therefore, the use of the area as a street was a question of fact for the trial court.

■■ Where, as here, the width of the right of way for public vehicular travel is not fixed or determined by the grant, the right is limited to that portion reasonably necessary for such use or travel. Self v. Hane, 262 Ala. 446, 79 So.2d 549; Ellard v. Goodall, 203 Ala. 476, 83 So. 568(3). The extent of the use of the area as a street was a question of fact for the trial court to determine. The street was paved for vehicular travel in 1934 or 1935. This paved area, part of which was adjoined by a gutter on the south side, did not include the disputed area. An inference may be drawn that the public accommodation for vehicular travel was limited to the paved area of the street and the gutter.

We will not disturb the decree of the trial court. We have long followed the rule, supported by numerous decisions, that where the trial court hears the evidence ore tenus as here, we wil' not set aside the decree of the trial court unless it is contrary to the great weight of the evidence, is plainly erroneous, and manifestly wrong and unjust. Donald v. Reynolds, 228 Ala. 513, 154 So. 530(12). The decree is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.