This case concerns a private prescriptive easement. The plaintiff seeks relief from the trial court's denial of his petition for rule to show cause and the court's refusal to find the defendants in contempt. We affirm.
On or about October 1, 1980, the defendants, J.D. Harbin and Mickey W. Smith, erected a fence-like structure and placed mounds of dirt over a road on their property. The road led to the adjoining property of plaintiff, J.D. Simpson, who filed suit seeking the removal of this obstruction. The trial court so ordered on March 22, 1982, following a finding that Simpson possessed a private easement by prescription over the road. These obstructions were removed; however, defendants subsequently constructed two gates across the easement and provided Simpson with keys, in the event that locks were needed. Simpson objected to these gates and petitioned the trial court to hold defendants in contempt for their refusal to follow the March 22 order requiring the "removal of all obstructions."
On Simpson's petition for rule to show cause, evidence was presented to the trial court that Simpson's use of his adjoining property consisted only of walking in the woods, and his only inconvenience by the gates was that he must get out of his car and open and close the gates. Other evidence established that persons operating motorcycles and three-wheel vehicles and riding horses were using Simpson's private easement to the disruption of defendants' households and danger to their children. The trial court refused to hold defendants in contempt of the prior order and found that the gates were not an unreasonable interference or obstruction with Simpson's use and enjoyment of his easement.
The primary issue presented for review is whether the trial court was palpably wrong in refusing to hold the defendants in contempt for erecting the gates.
The scope of review in contempt cases is limited to questions of law and does not extend to the weight and preponderance of the evidence, Citicorp v. Sanderson, 421 So.2d 1293
(Ala.Civ.App. 1982); Smith v. State, 380 So.2d 897
(Ala.Civ.App. *Page 191 
1980). With regard to factual questions, these cases stand for the proposition that if there is any legal evidence that supports the judgment of the trial court, we must affirm.
In the present case, there was substantial evidence to support the trial court's refusal to hold defendants in contempt. Further, the facts of this case overwhelmingly support the discretion of the trial court in that the order from which the plaintiff sought a contempt citation was the court's own order. Clearly, it was within the power of the trial court to modify the March 22, 1982, order if it had deemed it necessary.
The plaintiff also questions the use of the unreasonable interference test where contempt is the remedy sought for obstructing an easement. While we recognize that Self v. Hane,262 Ala. 446, 79 So.2d 549 (1955), was an appeal from the grant of a temporary injunction, the following quotation from that decision is clearly applicable in the present case:
 "[T]he mere fact that complainant has a right of way by claim of necessity does not of itself mean that respondent cannot establish gates across it where it enters and leaves his property. It is a question of reasonableness under all the circumstances. [Citations omitted.]" 262 Ala. at 448, 79 So.2d at 551.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.