16 So.3d 813 (2009)
Hutch HAMMOND
v.
Terry LOVVORN and Sherry Lovvorn.
2070749.
Court of Civil Appeals of Alabama.
February 20, 2009.
*814 Mac M. Moorer and Ivan B. Cooper of Lightfoot, Franklin & White, L.L.C., Birmingham, for appellant.
John Keith Warren, Ashland, for appellees.
MOORE, Judge.
Hutch Hammond appeals from a judgment entered by the Randolph Circuit Court ordering him to remove a gate placed across an easement owned by Terry Lovvorn and Sherry Lovvorn. We reverse.
On June 19, 2006, the Lovvorns filed a complaint against Hammond, seeking an order determining that they owned an easement across certain real property owned by Hammond, requiring Hammond to remove a gate that he had erected across the easement, and prohibiting Hammond from interfering with their use of the easement. The parties stipulated that the Lovvorns owned an easement across Hammond's real property. As to the remaining issues, the trial court did not receive ore tenus evidence but considered only the pleadings and the written factual stipulations and briefs filed by the parties. On November 27, 2007, the trial court entered a judgment ordering Hammond to remove the gate placed across the easement and to not obstruct the free and unfettered access to the Lovvorns' property, i.e., to not interfere with the Lovvorns' use of the easement. Hammond timely appealed to this court, arguing that the trial court had erred in requiring him to remove the gate.
"When a trial judge's ruling is not based substantially on testimony presented live to the trial judge, review of factual issues is de novo. Eubanks v. Hale, 752 So.2d 1113 (Ala.1999). `[W]here the trial court's ruling rests upon a construction *815 of facts indisputably established, this Court indulges no presumption of correctness in favor of the lower court's ruling.' Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer, 454 So.2d 921, 923-24 (Ala.1984). See also, Beavers v. Walker County, 645 So.2d 1365, 1372 (Ala.1994) (`[W]here the facts are not disputed the ore tenus standard does not apply.'). `"[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts."' Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997) (quoting Craig Constr. Co., Inc. v. Hendrix, 568 So.2d 752, 756 (Ala.1990)). The ore tenus `standard's presumption of correctness has no application to a trial court's conclusions on questions of law.' Beavers, 645 So.2d at 1372. `[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.' Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997)."
Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999).
According to binding precedent from our supreme court, the owner of a servient estate may erect a gate across an easement so long as the erection and maintenance of the gate does not constitute an unreasonable burden on the owner of the dominant estate in whose favor the easement runs. See Simpson v. Harbin, 447 So.2d 189, 191 (Ala.1984); and Self v. Hane, 262 Ala. 446, 448, 79 So.2d 549, 551 (1955). "It is a question of reasonableness under all the circumstances." Self, 262 Ala. at 448, 79 So.2d at 551.
The material submitted to the trial court indicates that Hammond and the Lovvorns own adjoining property. A dirt road runs through Hammond's property; that dirt road provides the Lovvorns the only access to their property. The parties agree that the Lovvorns own an easement allowing them to use that dirt road. Hammond resides on the servient estate. The Lovvorns do not reside on the dominant estate. The record contains no evidence indicating how often the Lovvorns visit their property.
At some point, Hammond erected a gate across the dirt road to prevent people from accessing his property to dump their litter, as had occurred in the past. Hammond selected the location for the gate based on his observation of a cable that apparently had, at one time, stretched across the dirt road. Hammond placed a lock on the gate and offered a key to the Lovvorns, which they repeatedly refused. Instead, they filed the instant action seeking removal of the gate.
Based on our review of the evidence, we find that Hammond acted reasonably in erecting the gate to prevent dumping on his property. We also find that Hammond acted reasonably in offering the Lovvorns a key to the gate so as to allow them use of their easement. The Lovvorns did not present any evidence indicating why they refused Hammond's offer, which deems their refusal unreasonable. The Lovvorns also did not present any evidence indicating that having to unlock and open and close the gate when visiting their property constitutes an undue burden on their use of the easement, the frequency of which use is not revealed in the record. Based on the scant record before us, it appears that the burden on the Lovvorns would be negligible at worst.
Based on the foregoing, we conclude that the trial court erred in ordering Hammond to remove the gate. Thus, we reverse the trial court's judgment and remand the cause with instructions to enter a judgment allowing Hammond to maintain the gate on the condition that he *816 provide the Lovvorns with a key that allows them to open the gate.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., dissents, without writing.
BRYAN, J., dissents, with writing.
BRYAN, Judge, dissenting.
I must respectfully dissent. The owner of a servient estate may not unreasonably interfere with the easement holder's rights. See Blalock v. Conzelman, 751 So.2d 2, 6 (Ala.1999). Given the factual circumstances of this case, I believe that Hammond unreasonably interfered with the Lovvorns' use of their easement by placing a gate across that easement. Therefore, I would affirm the judgment of the trial court.